**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Eric Terrell, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Leading Edge Recovery Solutions, LLC; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Eric Terrell, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Eric Terrell ("Plaintiff"), is an adult individual residing in Dorchester, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Leading Edge Recovery Solutions, LLC ("Leading"), is a Illinois business entity with an address of 5440 N Cumberland Ave, Suite 300, Chicago, Illinois 60656-1490, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Leading and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Leading at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Leading for collection, or Leading was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Leading Engages in Harassment and Abusive Tactics

12.     Defendants called Plaintiff's work phone line in an attempt to collect the debt with the intent to annoy and harass.

2

13.     Defendants failed to identify themselves when speaking to Plaintiff.

14.     Defendants were rude when speaking to Plaintiff.

15.     Defendants failed to inform Plaintiff of her rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

### C. Plaintiff Suffered Actual Damages

16.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

21.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

22.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

29.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

30.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

32.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

34.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

36.     Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

37.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

39.     Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

40.     The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls placed to Plaintiff's work phone line.

41.     The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

42.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

43.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

44.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

46.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

47.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Massachusetts.

48.     All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## COUNT V
## COMMON LAW FRAUD

49.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Massachusetts.

51.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2.  Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

7

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

    § 1692k(a)(3) against Defendants;

4.  Double or treble damages plus reasonable attorney's fees pursuant to M.G.L.

    c.  93A § 3(A);

5.  Actual damages from Defendants for the all damages including emotional

    distress suffered as a result of the intentional, reckless, and/or negligent

    FDCPA violations and intentional, reckless, and/or negligent invasions of

    privacy in an amount to be determined at trial for the Plaintiff;

6.  Punitive damages; and

7.  Such other and further relief as may be just and proper.


**TRIAL BY JURY DEMANDED ON ALL COUNTS**


Dated: November 19, 2010

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiff